**Electronically Filed**
**Supreme Court**
**SCPW-12-0000616**
**06-JUL-2012**
**08:10 AM**

NO. SCPW-12-0000616

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

MYLES D. SAPUTO,
Petitioner,

vs.

THE HONORABLE BARCLAY MACDONALD, PER DIEM JUDGE OF
THE DISTRICT COURT OF THE SECOND CIRCUIT, STATE OF HAWAIʻI,
Respondent.

---

ORIGINAL PROCEEDING

<u>ORDER DENYING PETITION</u>
(By: Recktenwald, C.J., Nakayama, Acoba, and McKenna, JJ., and
Circuit Judge Pollack, assigned by reason of vacancy)

By letters dated June 25, 2012, Myles D. Saputo seeks
review of the actions of Second Circuit District Per Diem Judge
Barclay MacDonald in Case No. 2RC10-1-004119, <u>Citibank (South
Dakota), N.A. v. Myles D. Saputo</u>. We view the letters as a
petition for writ of mandamus.

> A writ of mandamus and/or prohibition is
> an extraordinary remedy that will not issue
> unless the petitioner demonstrates a clear
> and indisputable right to the relief
> requested and a lack of other means to
> redress adequately the alleged wrong or to

obtain the requested action. <u>Straub Clinic & Hospital v. Kochi</u>, 81 Hawaiʻi 410, 414, 917 P.2d 1284, 1288 (1996). Such writs are not meant to supersede the legal discretionary authority of the lower court, nor are they meant to serve as legal remedies in lieu of normal appellate procedures. *Id.* Where a trial court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.

<u>Kema v. Gaddis</u>, 91 Hawaiʻi 200, 204-205, 982 P.2d 334, 338-339 (1999).

Petitioner Saputo's letters make a number of allegations, but provide nothing from the court record to support the allegations, and review of the public docket for case number 2RC10-1-004119 reveals the case is pending in the district court. Petitioner will have the opportunity to seek review by way of appeal after judgment is entered in case number 2RC10-1-004119. Therefore,

IT IS HEREBY ORDERED that the Clerk shall file Petitioner Saputo's letters as a petition for writ of mandamus, without payment of the filing fee.

IT IS FURTHER ORDERED that the Petition is denied. This denial is without prejudice to any timely appeal, complaint

-2-

to the Commission on Judicial Conduct, or other lawful means of seeking redress.

DATED: Honolulu, Hawai'i, July 6, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack